IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00891-REB-MEH

T&H LANDSCAPING, LLC. and NORTHERN LANDSCAPE, INC.,

      Plaintiffs,

v.

COLORADO STRUCTURES INC.; TIM PHELAN; SCOTT NORMAN;
ROB OLDACH; GARY KIGER; TOM SHARKEY; and JAMES FRANCIS

      Defendants.

_____

**ORDER ON PLAINTIFFS' SECOND MOTIONS FOR CONTEMPT**
_____

Before the Court are Plaintiffs' Second Motions for Issuance of Contempt Citations [Docket ##46, 47] based on Home Depot's and Circuit City's respective failures to respond to subpoenas issued by Plaintiff. The matters are briefed and have been referred to this Court [Docket #48]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the request for contempt as moot and **denies** Plaintiffs' requests for attorney's fees without prejudice.

**I.    Facts**

Plaintiffs' Complaint alleges various claims including breach of contract for nonpayment of funds, civil theft, and unjust enrichment, based on work Plaintiffs allegedly performed for Defendant but received no payment. The work was performed pursuant to contracts Defendant entered with various businesses, including the two non-parties, Home Depot and Circuit City, presently before the Court. Plaintiffs issued subpoenas to both Home Depot and Circuit City on September 25, 2006. Both parties failed to respond to their respective subpoenas, and Plaintiffs sought the issuance of

contempt citations under Rule 45(e). Plaintiffs' first motions were denied for failure to serve the motions on the respective non-parties. Plaintiffs properly served the instant second motions, and both non-parties responded, though Home Depot did not respond until the Court issued an Order to Show Cause against it for failure to respond. Dock. #57. Because the remaining facts differ for each non-party, the Court will address each Motion in turn.[1]

**II.     Discussion**

    **A.     Legal Standard for Civil Contempt**

The Federal Rules of Civil Procedure provide that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Fed. R. Civ. P. 45(e). A finding of contempt requires the Court to "find the party violated a specific and definite court order and the party had notice of the order." *Lucre Management Group, LLC v. Schempp Real Estate, LLC*, 365 F.3d 874, 875 (10th Cir. 2004) (citation omitted). "[F]or civil contempt the punishment is remedial, and for the benefit of the complainant." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911). The purpose of the penalty is to provide future compliance, and it is, therefore "avoidable through obedience." *International Union v. Bagwell*, 512 U.S. 821, 827 (1944).

    **B.     Home Depot**

Home Depot responded to the Order to Show Cause by asserting that initial subpoena had been lost and never received by the legal department in its home office. Once Home Depot learned of the subpoena, it immediately contacted Plaintiffs' counsel to seek to comply with the subpoena.

---

[1]Both Home Depot and Circuit City raise potential substantive objections to their respective subpoenas in their pleadings. Any such objections are not properly before the Court, and therefore, will not be addressed in this Order.

Home Depot asserts that subpoena was vague and that it has sought more specific information from Plaintiffs' counsel to enable it to comply with the subpoena. Although Home Depot also requests an extension of time in which to respond to the subpoena from the Court, this request is not properly before the Court. Pursuant to D.C.Colo.L.Civ.R. 7.1.C, a request cannot be included in a response to a motion. The Court is also concerned that Home Depot failed to respond to Plaintiffs' Motion until the Court issued its Order to Show Cause. Nevertheless, Home Depot has demonstrated that the proper personnel in its organization did not have knowledge of the subpoena when first issued, and that it has attempted to comply since learning of the subpoena. These affirmative acts establish that the issuance of a contempt citation is no longer necessary, and to that extent, Plaintiffs' Motion for Contempt against Home Depot is **denied** as moot.

        C.      **Circuit City**

Circuit City also responded to the Motion for Contempt by asserting that the initial subpoena had been lost. Once Circuit City learned of the subpoena, it immediately contacted Plaintiffs' counsel to seek to comply with the subpoena. Circuit City states that it remains willing to provide the necessary documentation once a protective order has been entered in this case. Once again, Circuit City has demonstrated that it did not have knowledge of the subpoena when first issued, and that it has attempted to comply since learning of the subpoena. These affirmative acts establish that the issuance of a contempt citation is no longer necessary, and to that extent, Plaintiffs' Motion for Contempt against Circuit City is **denied** as moot.

        D.      **Plaintiffs' Request for Attorney's Fees**

Both non-parties have established good faith excuses for their failures to comply with the subpoenas, and the Court believes that the burden placed on Plaintiffs due to their lack of responses

3

is slight. Although an award of attorney's fees can be remedial in nature, rather than punitive, the Court believes such a remedy is unnecessary at this time. Plaintiffs' requests for fees are **denied without prejudice**.

### III.  Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Second Motion for Issuance of Contempt Citation as to Home Depot [Filed December 26, 2006; Docket #46] and Plaintiffs' Second Motion for Issuance of Contempt Citation as to Circuit City [Filed December 26, 2006; Docket #47] are **denied** as moot, and Plaintiffs' requests for attorney's fees are denied without prejudice.

Dated at Denver, Colorado, this 12th day of February, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

4