IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00891-REB-MEH

T&H LANDSCAPING, LLC. and
NORTHERN LANDSCAPE, INC.,

      Plaintiffs,
v.

COLORADO STRUCTURES INC.,
TIM PHELAN,
SCOTT NORMAN,
ROB OLDACH,
GARY KIGER,
TOM SHARKEY, and
JAMES FRANCIS

      Defendants.
_____

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**
_____

Before the Court is Plaintiffs' Motion to Compel and for Sanctions [Docket #84]. The matter has been referred to this Court for resolution [Docket #85]. Pursuant to D.C.Colo.L.Civ.R. 7.1.C, the Court has reviewed Plaintiffs' Motion and Defendants' Response and determines that oral argument would not materially assist the adjudication of this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Compel.

**I.**    **Facts**

Plaintiffs bring this action against Defendants for breaches of contracts, as well as civil theft and racketeering. Plaintiffs claim that Defendants intentionally deducted improper expenses from Plaintiffs' payments and that Defendants obtained Plaintiffs' property by consent through the threat of force. Plaintiffs seek contractual, treble, and punitive damages.

Plaintiffs issued their first set of written discovery in October 2006. Defendants objected to the majority of the requests of numerous grounds. Plaintiffs filed the current motion alleging that Defendants have failed to supplement these responses at any time, and that Defendants' objections are improper. In turn, Defendants contend that the discovery requests are overly broad and unduly burdensome.

**II.     Discussion**

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need no be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004). The Court will address each of the disputed discovery requests in turn.

<u>Interrogatory No. 1</u>:

Plaintiffs seeks identifying information for all subcontractors used by Defendant Colorado Structures Inc. ("CSI") on any of its projects since 1999. Defendant objects that the request is overbroad and unduly burdensome. Defendant contends that it has been the general contractor on 517 projects during that time period, and that each project generates about 10 boxes of information. The Court believes that the parties should proceed by a sampling to determine if there is any relevant

information. To the extent not already accomplished, Defendant shall provide a list of the 517 projects to Plaintiffs, and Plaintiffs may choose a sampling of no more than five projects per year, for a maximum of 45 projects, and Defendant shall provide the requested information for those 45 projects. If Plaintiffs discover information justifying additional discovery, and the parties are unable to come to an agreement on the scope of such discovery, the Court would entertain a supplemental motion to compel at the appropriate time. Plaintiffs should designate their requested projects by September 7, 2007, and Defendant should provide the requested information by September 21, 2007.

Interrogatory No. 2:

In this Interrogatory, Plaintiffs seek the identity of a broad range of financial information against all Defendants. The Court believes that at this stage in the litigation, the Interrogatory is overbroad. Defendant CSI should identify financial statements (including both balance sheet and income/loss records) and tax records (including documents filed with the IRS) for the requested time period. The Court assumes that most of the other requested financial information in this Interrogatory will be identified from the approximately 10 boxes of documents that will be provided for each of the 45 projects from Interrogatory No. 1. If, after that review, the Plaintiffs have a good faith basis for requesting additional information, they should present such a request at that time.

Interrogatory No. 3:

Plaintiffs seek information concerning prior litigation history of the Defendants. Defendants do not provide the Court with a sufficient explanation to justify withholding the information relevant to this Interrogatory. The Court will grant the Motion to Compel as to Interrogatory No. 3 for the time period 1999 to the present.

<u>Interrogatory No. 6</u>:

Plaintiffs ask Defendants to identify all persons "who have any knowledge of any fact relating to the claims Plaintiffs are alleging against any Defendant." Plaintiffs have 296 numbered paragraphs in their Amended Complaint. This request is hopelessly broad. A more focused inquiry is required. The Motion to Compel is denied for this Interrogatory.

<u>Interrogatory No. 7</u>:

For the reasons stated by the Court concerning Interrogatory No. 6, the Court denies the Motion to Compel as to Interrogatory No. 7, which seeks a description of the information possessed by the persons whose identities are requested in No. 6.

<u>Interrogatory No. 16</u>:

This Interrogatory seeks information concerning communications between and among Defendants for only those projects (and, more narrowly, concerning contracts, change orders, invoices, or thefts) that have been identified in the Amended Complaint. Defendants should provide such information to the extent that records still exist or the relevant persons recall such communications if oral.

<u>Request for Production No. 1</u>:

Plaintiffs seek documents concerning any insurance claims arising out of any of the projects identified in the Amended Complaint. Defendants concede the point, contending that Defendants have agreed to produce the relevant files for inspection. Thus, the Motion to Compel on this issue is granted.

<u>Request for Production No. 2</u>:

Plaintiffs seek all documents "which may reasonably lead to the discovery of admissible

evidence in this case." Defendants contend that they have produced all relevant documents and object to the extent that Plaintiffs do not believe them. The Court would not know what to order the Defendants to produce in response to this Request, and the Motion to Compel is denied.

Request for Production No. 3:

Plaintiffs seek production of documents identified in response to the Interrogatories. Defendants initially objected due to the fact that they did not provide substantive responses to the Interrogatories and, therefore, there were no documents to produce. Now that the Court has ruled on the Defendants' objections, Defendants should produce relevant documents. The Motion to Compel is granted in this respect.

Sanctions

Plaintiffs request sanctions for Defendants' discovery responses. The Court believes that Plaintiffs' counsel could have more effectively communicated with Defendants' counsel to resolve some of these issues. Moreover, Plaintiffs have obtained only limited success on their Motion to Compel. Therefore, Plaintiffs' request for sanctions is denied.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion to Compel and for Sanctions [Filed July 31, 2007; Docket #84] is **granted in part** and **denied in part**. Defendants shall respond to the discovery requests as specified in this Order, except as to Interrogatory No. 1, on or before **September 14, 2007**.

Dated at Denver, Colorado, this 28th day of August, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge