IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00891-REB-MEH

T&H LANDSCAPING, LLC. and
NORTHERN LANDSCAPE, INC.,

      Plaintiffs,

v.

COLORADO STRUCTURES INC.,
TIM PHELAN,
SCOTT NORMAN,
ROB OLDACH,
GARY KIGER,
TOM SHARKEY, and
JAMES FRANCIS

      Defendants.

_____

## ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER
_____

Before the Court is Defendants' Motion for Protective Order to Vacate Portions of the Notice of Deposition of Colorado Structures, Inc. [Docket #82]. The matter has been referred to this Court for resolution [Docket #83]. Pursuant to D.C.Colo.L.Civ.R. 7.1.C, the Court has reviewed Defendants' Motion, Plaintiffs' Notice of Deposition, and Plaintiff's Response. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion for Protective Order.

## I.      Facts

Plaintiffs bring this actions against Defendants for breaches of contracts, as well as civil theft and racketeering. Plaintiffs claim that Defendants intentionally deducted improper expenses from Plaintiffs' payments and that Defendants obtained Plaintiffs' property by consent through the threat of force. Plaintiffs seeks contractual, treble, and punitive damages.

Plaintiffs issued a Notice of Deposition to Defendant Colorado Structures on July 25, 2007.

Defendants filed the instant Motion for Protective Order arguing that the topics are overbroad, vague,

or irrelevant, and that some topics seek improper information.

## II.    Discussion

The decision to issue a protective order rests within the sound discretion of the trial court.

*Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).   Such protection is warranted, upon a showing

of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense." Fed. R. Civ. P. 26(c).   The scope of evidence that is subject to discovery under

the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to
> the claim or defense of any party, including the existence, description, nature, custody,
> condition, and location of any books, documents, or other tangible things and the
> identity and location of persons having knowledge of any discoverable matter.   For
> good cause, the court may order discovery of any matter relevant to the subject
> matter involved in the action.   Relevant information need no be admissible at the trial
> of the discovery appears reasonably calculated to lead to the discovery of admissible
> evidence.

Fed. R. Civ. P 26(b)(1).   The party objecting to discovery must establish that the requested discovery

does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1).   *Simpson v.*

*University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004).   The Court will address each of the

disputed topics in turn.

Topic #1:

Plaintiffs seek Defendant Colorado Structures' position regarding every assertion in Plaintiffs'

expert witness report.   This is an improper area of questioning for a 30(b)(6) deposition, unless

limited to factual statements within the report, rather than legal conclusions or responses to expert

opinions. Plaintiffs cannot Defendant's legal positions and arguments through this deposition. Although the deposition is of a corporation, the purpose is still to obtain factual information, and this type of information, unless supplied by an expert, remains privileged attorney work product. As such, the Court grants in part Defendants' Motion as to this topic and modifies the topic to apply only to the factual statements underlying the report.

Topic #2:

Plaintiffs seek Defendant Colorado Structures' "position regarding each and every amount of damages disclosed by Plaintiffs' during litigation and not contained in Plaintiff's [sic] expert witness report." Dock. #82-2. While this request is factually based, the topis is too ambiguous for Defendant to adequately prepare for the deposition. Plaintiffs shall provide a list of all claimed damages expected to be addressed under this topic to counsel for Defendant Colorado Structures no later than five business days prior to the date of the deposition.

Topic ##4-5:

Plaintiffs seek information regarding Defendant Colorado Structures' profit and loss statements from 1999 to present, and the salaries and bonuses paid to employees from 1999 to present. Defendant first objects to the profit and loss statements as irrelevant and confidential. Defendant objects to the salaries and bonuses as also irrelevant. Defendant contends that employees' compensation is primarily based on salary and that bonuses are not tied to specific factors. Defendant points to individual depositions, in which employees have stated that they did not know the precise basis or timing of bonuses. This lack of individual knowledge underscores the importance of a Rule 30(b)(6) deposition. *See Sprint Communs. Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006) ("These requirements negate any possibility that an inquiring party will be directed back

and forth from one corporate representative to another, vainly searching for a deponent who is able to provide a response which would be binding upon that corporation."). In addition, Defendant also indicates that one employee receives ten percent of the net profits of one regional division.

Moreover, as Plaintiffs point out, these topics are relevant to Plaintiffs' claims of civil theft and racketeering and their ability to establish the Defendants' motives, as well as the profitability of these allegedly illegal enterprises. The Motion is denied as to these topics.

Topic #6:

Plaintiffs seek "[a]ny statements or other evidence of which Colorado Structures is aware which supports any claims asserted by Plaintiffs." Dock. #82-2, p. 2. This topic is vague and overbroad. Plaintiff has a duty to designate with specificity the issues to be addressed so that Defendant can adequately prepare its Rule 30(b)(6) designee. A request this vague provides no direction for Defendant. The Motion is granted as to this topic.

Plaintiffs' Request for Production of Documents:

Plaintiffs request that the originals of all documents previously produced be produced at the deposition, as well as all documents requested during Defendant Oldach's deposition. Defendants object to bringing such a large number of documents and argues that request does not comply with Rule 34. Yet Defendants make no claim as to the number of documents this implicates, nor do they articulate their objections based on Rule 34, other than to simply state that the request does not comply with Rule 34. Thus, these arguments are waived, and the Motion is denied as to this request.

## III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion for Protective Order to Vacate Portions of the Notice of Deposition of Colorado Structures, Inc.

[Filed July 30, 2007; Docket #82] is **granted in part** and **denied in part**.  Plaintiff's Rule 30(b)(6)

Notice of Deposition is modified as specified herein.  The deposition shall take place no later than

**September 14, 2007**.

        Dated at Denver, Colorado, this 28th day of August, 2007.

                        BY THE COURT:


                        s/ Michael E. Hegarty
                       Michael E. Hegarty
                       United States Magistrate Judge