**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  06-cv-00891-REB-MEH

T&H LANDSCAPING, LLC and
NORTHERN LANDSCAPE, INC.,

      Plaintiffs,

v.

COLORADO STRUCTURES, INC., TIM PHELAN,
SCOTT NORMAN, ROB OLDACH, GARY KIGER,
TOM SHARKEY and JAMES FRANCIS,

      Defendants.

---

**PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

---

WHEREAS, it appears that certain documents, information and tangible objects that may be produced in discovery in this proceeding may contain confidential information, the public disclosure of which would cause injury; the Court hereby enters the following Order:

1.    This Order governs the treatment of documents[1], transcripts of and exhibits to depositions, interrogatory answers, responses to requests for admissions, and other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries thereof (collectively, "Discovery Material"), produced, received, filed with the Court, served, or obtained by any party in this action (collectively, "Person(s)").

---

[1] The term "document" as used herein shall include any "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained."  *See* Federal Rules of Civil Procedure Rule 34(a).

2. Any Person shall have the right, before disclosure, to designate as "CONFIDENTIAL" any Discovery Material it produces or provides that an attorney or legal assistant on behalf of the Person believes constitutes, reflects or discloses information within the scope of Fed. R. Civ. P. 26(c)(1)-(7).

3. Discovery Material designated as "CONFIDENTIAL" shall be limited to material that the designating Person believes in good faith must be held confidential pursuant to Fed. R. Civ. P. 26(c)(1)-(7).

4. All Discovery Material designated as "CONFIDENTIAL" (including the contents and all written, recorded, or graphic copies, excerpts, abstracts, or summaries thereof), shall be referred to in this Order as "Designated Material" and shall be handled in strict accordance with the terms of this Order.  Specifically, absent an order by this Court, Designated Material shall be used by the parties to this action solely in connection with this action and any appeal therefrom, and not for any other purpose or function, and shall not be disclosed to anyone except as provided herein. Designated Material may be disclosed only under the circumstances and to the persons specifically provided for in this Order or any subsequent Court order, or with the explicit written consent of the designating Person with respect to specifically identified Designated Material.

5. Discovery Material designated as "CONFIDENTIAL" (including the contents and all written, recorded, or graphic copies, excerpts, abstracts, or summaries thereof), may be disclosed, shown, or made available, or communicated in any way only to the following persons:

    a. attorneys for the parties to this litigation, and persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to such attorneys;

    b. qualified persons taking testimony involving Designated Material, and necessary stenographic, videographic, and clerical personnel thereof;

    c.    consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraph 9 of this Order are complied with prior to any disclosure of any Designated Material to such an expert or consultant;

    d.    the Court and the Court's staff pursuant to this Order;

    e.    the parties and employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this action and for no other purpose;

    f.    third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents, but for this purpose only, provided that all such confidential documents are kept in a separate and secure place;

    g.    witnesses deposed in this action or who are called as witnesses at any hearing in this action.

6.    Designated Material shall be so designated by marking or stamping such material "CONFIDENTIAL " at such time the material is disclosed.

7.    Where Discovery Material is produced for inspection before being sent to a receiving Person, the producing Person shall have the right to have representatives present in the inspection room at all times during the receiving Person's inspection of such Discovery Material. If the producing Person had anyone present in the inspection room during inspection by the receiving Person, another room nearby shall be set aside for the receiving Person's counsel to confer.

8.    Any deposition testimony may be classified as Designated Material by indicating on the record at the deposition that the examination or testimony discloses Designated Material under the terms of this Order. The portions of the original deposition transcript, exhibits, and all copies of exhibits thereto that contain material so designated shall be separately bound and prominently marked with the appropriate designation on the cover thereof and, if and when filed with the Court, the

confidential portions of such transcripts shall be filed pursuant to this Order.

9. Except for persons described in Paragraph 5(a), 5(b) or 5(d) of this Order, all persons to whom Designated Material is disclosed or by whom Designated Material is used, including non-parties and their representatives, shall be informed or and agree to be bound by the terms of this Order and shall take all necessary precautions to prevent any disclosure or use of Designated Material other than as authorized by this Order.

Persons who are authorized to review Designated Material pursuant to this Order shall hold the Designated Material and its contents in confidence and shall not divulge the Designated Material or its contents, either verbally or in writing, except as expressly permitted by this Order, unless authorized to do so by a further Order of this Court or as specifically required by law.

10. All Discovery Material designated "CONFIDENTIAL" shall be kept in secure facilities, and access to those facilities shall be permitted only to those persons set forth in Paragraph 5 of this Order.

11. Discovery Material designated "CONFIDENTIAL," where filed with the Court as part of any pleading or as evidence, shall be filed with the Court along with a motion and order requesting sealing. The parties shall comply with D.C.COLO.LCivR 7.2 and 7.3 in making such filings.

12. If Designated Material is disclosed to anyone other than in the manner authorized herein, the Person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested Persons and the Court, and without prejudice to other rights and remedies of the designating Person shall make every effort to prevent further disclosure by it or by anyone who was a recipient of such information.

13. If at any time during the pendency or trial of this action, any party claims that Designated Material is not appropriately so designated, it may serve a captioned notice of objection

on all parties and affected Persons, identifying with particularity the Designated Material as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for such materials. If the designating Person does not withdraw or redesignate the materials within five (5) business days after service, the designating Person shall have ten (10) days from such written challenge to file a motion for protective order with the Court to maintain such designation. If, and only if, such a motion is timely filed, the subject information will continue to be treated as "CONFIDENTIAL" until the ruling of the Court. The Court may award sanctions on any motion concerning the designation if it finds that any Person's position with respect to the designation was taken without substantial justification. The failure of any Person to challenge any designation by ay other Person shall not constitute a waiver of the right to challenge the designation at a later time nor an admission of the correctness of the designation.

14. Notwithstanding any other provision of this Order the contrary, the confidentiality obligations of this Order shall not apply or shall cease to apply to any information that:

at the time of the disclosure hereunder, was already in the public domain by publication or otherwise;

since the time of disclosure hereunder, has become, through no act or failure on the part of the receiving Person, part of the public domain by publication or otherwise;

at the time of disclosure, was already in the possession of the receiving Person;

after disclosure hereunder, was acquired by the receiving Person from a third party lawfully possessing the same and having no obligation to the designating Person hereunder; or,

15. Upon the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all Persons to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Order.

16. Subject to final order of the Court upon completion of all matters relating to this case,

within sixty (60) days after entry of any final and unappealable judgment in this litigation, any and all Discovery Material and all copies thereof shall be returned to the designating Person or, at the option of the designating Person, destroyed; provided, however, counsel for each party shall be permitted to retain and archive Discovery Material that is contained in files ordinarily maintained in the course of litigation.  If Discovery Material is destroyed pursuant to this Paragraph 22, the party destroying such Discovery Material shall certify in writing to the designating Person that such destruction has taken place.

17. Nothing in this Order shall limit or restrict the manner in which any party shall handle its own Discovery Material.

18. This Order is being entered without prejudice to the right of any party to request modification of or relief from any of its terms from the Court.

19. Any Designated Material offered as an exhibit at trial may be offered without compliance with the procedure set forth in Paragraph 13 herein; provided, however, that the designating Person may seek, on a per exhibit basis, to seal such exhibit to preserve its confidentiality.

DATED this 19th day of September, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge