IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-00891-REB-MEH

T&H LANDSCAPING , LLC, and
NORTHERN LANDSCAPE, INC.,

    Plaintiffs,

v.

COLORADO STRUCTURES INC.,
TIM PHELAN,
SCOTT NORMAN,
ROB OLDACH,
GARY KIGER,
TOM SHARKEY, and
JAMES FRANCIS,

    Defendants.

## ORDER RE: MOTIONS FOR PARTIAL SUMMARY JUDGMENT

**Blackburn, J.**

The matters before me are (1) **Plaintiffs' Motion for Partial Summary Judgment Against Defendant Colorado Structures, Inc.** [#87], filed August 3, 2007; and (2) **Defendants' Motion for Partial Summary Judgment and Brief in Support of Motion** [#86], filed August 3, 2007. I deny plaintiffs' motion and grant defendants' motion with respect to plaintiffs' civil RICO claim and claim for lost profits.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999); *Nutting v. RAM Southwest, Inc.*, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III. ANALYSIS

Plaintiffs T&H Landscaping, L.L.C. ("T&H") and Northern Landscaping, Inc. ("Northern") were subcontracted to perform work on various commercial landscaping projects for defendant Colorado Structures, Inc. ("CSI").[1]  Plaintiffs claim CSI owes them money pursuant to subcontracts for work substantially performed or completed on seven projects. More specifically, plaintiffs allege that CSI created "change orders" based on false information, made unauthorized line item deductions, and made other unwarranted reductions and alterations to the subcontract prices. They have asserted a federal claim under the civil RICO statute and various Colorado state law contract and tort claims. Both parties now move for partial summary judgment.

### A. PLAINTIFFS' MOTION

Plaintiffs seek partial summary judgment as to the amount of damages due under their contractual claim. Having reviewed the arguments, authorities, and evidence presented by the parties, I find that there exist genuine issues of material fact as to this claim that are not appropriate for summary resolution. Accordingly, plaintiffs' motion for partial summary judgment must be denied.

---

[1] The individual defendants are all employees and/or officers of CSI.

### B. DEFENDANTS' MOTION

### 1. STATUTE OF LIMITATIONS

Defendants first argue that plaintiffs' contractual, fraud, and theft claims are barred by the applicable statutes of limitations. I will address each claim *seriatim*.

### a. CONTRACTUAL CLAIMS

Defendants maintain that some portion of plaintiffs' first claim for relief is barred by the three-year statute of limitations applicable to breach of contract actions brought under Colorado law. *See* §13-80-101(1)(a), C.R.S. To make that determination, I first must resolve whether plaintiffs' contractual claims are more properly characterized as breach of contract claims, as defendants argue, or rather as a claims for nonpayment of funds due under a contract, as plaintiffs maintain. Plaintiffs insist that their claims are governed by the six-year limitations period that applies to "[a]ll actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action." §13-80-103.5, C.R.S. As interpreted by the Colorado courts, this statute of limitations applies to an unliquidated debt when the contract expressly sets forth a method for easily determining the amount of money due, even though extrinsic evidence may be required to prove up the exact amount of damages. ***Union Pacific Railroad Co. v. Certain Underwriters at Lloyd's, London***, 37 P.3d 524, 526 (Colo. App. 2001); ***Interbank Investments, L.L.C. v. Vail Valley Consolidated Water District***, 12 P.3d 1224, 1230 (Colo. App. 2000).

Whatever the relative merits of the parties' positions, I cannot evaluate them, as defendants have not produced evidence of any of the subcontracts at issue. I,

4

therefore, cannot determine whether the subcontracts provide on their faces a method for readily determining the amounts due.² Because defendants have failed to sustain their burden of proof on this affirmative defense, their motion for summary judgment as to plaintiffs' contractual claims on the basis of limitations must be denied.

### b. FRAUD CLAIMS

Defendants move also for summary judgment on the basis of limitations with respect to plaintiffs' fraud claims. A claim for fraud is subject to a three-year statute of limitations under Colorado law. §13-80-101(1)(c), C.R.S. Such a cause of action accrues as of the date the fraud "is discovered or should have been discovered by the exercise of reasonable diligence." §13-80-108(3), C.R.S. Defendants maintain that plaintiffs were on notice of the allegedly fraudulent charges as of the date they received the change orders evidencing the deductions, and certainly no later than the date they received checks for completion of partial work, because they regularly called to challenge charges with which they disagreed.

---

² Only one of the subcontracts at issue in this case has actually been included in the summary judgment record – by *plaintiffs*. (*See* Plf. Resp. App., Exh. 1.) This subcontract, for Job No. 675, provides for the payment of $415,000.00 "subject to additions and deductions for changes agreed upon or determined, as hereinafter provided." (*Id.*, Exh. 1 at 1, ¶ 5(a).)

It is unclear to me whether Colorado courts would find the contract price alone sufficient to invoke the exception to the general contract statute of limitations, since if such were the case, the alleged exception would seem likely to swallow the rule. ***See Union Pacific Railroad Co.***, 37 P.3d at 526 (fact that insurance policy provides a maximum limit of liability does not establish a determinable amount of money due). With respect to this particular subcontract, however, paragraph 7 provides that such additions and deductions can be authorized only by means of a written change order. (Plf. Resp. App., Exh. 1 at 2, ¶ 7(a).) Given that circumstance, it appears that this particular subcontract does provide a method for calculating damages: the original contract price plus or minus any changes authorized by written change orders.

Because defendants do not even cite the language of the subcontracts as to which they seek summary judgment, much less produce evidence of them, however, I decline to determine even this limited issue on the record before me.

5

In support of this argument, defendants reference a table compiled by defendant Timothy Phelan, president of CSI, that shows the dates on which certain charges or deductions were made. This evidence, however, does not by itself establish when or how plaintiffs became aware of these charges and deductions. Although Phelan avers that "[a]s a consequence of the payment process . . . [plaintiffs] became aware within a week of each payment application when the parties' positions concerning backcharges and other deductions differed" (Def. Motion App., Exh. A-1 at 2, ¶ 7), his chart reflects only the date of various *change orders*, not the date of any *payment application*. Finally, defendants refer me globally to the entirety of their Exhibit A-5, a portion of a deposition comprising some 30 pages to transcribed text. I am neither required nor inclined to parse through defendants' evidence in search of support for their arguments. **United States v. Dunkel**, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

For these reasons, I find that defendants are not entitled to summary judgment as to plaintiffs' fraud claims on the basis of the statute of limitations.

### c. THEFT

Defendants' final statute of limitations argument challenges plaintiffs' claims for civil theft. Such claims are subject to a two-year statute of limitations. **See Michaelson v. Michaelson**, 923 P.2d 237, 241 (Colo. App. 1995) (applying general two-year statute of limitations period of §13-80-102(1)(I), C.R.S. to claims for civil theft), **rev'd on other grounds**, 939 P.2d 835 (Colo. 1997). Defendants refer specifically to an incident in which a T&H employee saw CSI employees take six Scotch pines from

6

the job site for Job No. 700. (Def. Motion App., Exh. A-5 at 80-82.) This job was completed in March 18, 2004, more than two years before this lawsuit was filed. (*Id*., Exh. A-1 at 3, ¶ 10.) However, nothing in the evidence presented in support of the motion establishes specifically when CSI or any of the individual defendants were apprised, by this employee or otherwise, of the alleged theft.[3] Moreover, the T&H employee specifically testified that this was but one of many instances in which CSI took trees from plaintiffs' job sites. Defendants present no evidence of the dates on which any of these alleged incidents occurred, although plaintiffs point out that they became aware of one of these only after being so informed by a third party in February, 2005.

Accordingly, defendants have failed to meet their burden of proof to show that plaintiffs' theft claims are barred by limitations, and their motion for partial summary judgment on that ground is denied.

## 2. FRAUD CLAIM

Defendants argue next that plaintiffs cannot state a viable claim for fraud because they did not rely on the allegedly fraudulent change orders, but rather challenged CSI's right to the claimed deductions or changes. Initially, it is not at all clear that Colorado law includes reliance as an element of fraud. ***See NetQuote, Inc. v. Byrd***, 2007 WL 1725587 at *4 & n.2 (D. Colo. June 13, 2007). Nevertheless,

---

[3] Defendants present no argument or evidence to establish who the T&H employee who witnessed the theft was or whether, by virtue of his relationship to the company, T&H should be charged with his knowledge. Again, I do not make these kinds of arguments for parties, especially those which are represented by licensed attorneys.

plaintiffs in their response maintain that defendants have misapprehended the nature of their claim, which is not tied to particular change orders, but rather to the subcontracts themselves. Plaintiffs contend that defendants committed fraud by entering into these contracts with a then-present intention not to perform their obligations thereunder. This is a species of actionable fraud under Colorado law. *See Kinsey v. Preeson*, 746 P.2d 542, 551 (Colo. 1987); *H&H Distributors, Inc. v. BBC International, Inc.*, 812 P.2d 659, 662 (Colo. App. 1990).

It is not entirely clear that the Amended Complaint or the Final Pretrial Order supports plaintiffs' interpretation of their fraud claim. Nevertheless, defendants neither argue nor demonstrate that plaintiffs are improperly attempting to expand the scope of the pleadings. Moreover, plaintiffs have presented sufficient evidence to demonstrate that there exist genuine issues of material fact as to whether defendants intended to perform their obligations with respect to at least one of the subcontracts. Under those circumstances, defendants have not shown that they are entitled to summary judgment as to plaintiffs' fraud claim.

### 3. LOST PROFITS

Defendants contend further that plaintiffs have produced no admissible evidence to support a claim for lost profits. Lost future profits are recoverable under Colorado law so long as plaintiffs can establish such damages to a reasonable degree of certainty. *Airborne, Inc. v. Denver Air Center, Inc.*, 832 P.2d 1086, 1090 (Colo. App. 1992). Defendants claim that other than suggesting a gross total figure of lost profits, plaintiffs have never provided any evidence from which lost profits might be calculated

8

with any reasonable certainty. Plaintiffs counter that they have produced unspecified documents that show their revenues prior to allegedly being driven out of business by defendants and that the testimony of Kevin Whitelaw, vice president and general manager of T&H, will support their claim for lost profits.

Although plaintiffs' response addresses the implicit allegation of deficient discovery, it does not meet the substantive component of defendants' argument by presenting any actual evidence from which I might find that there exist genuine issues of material fact as to lost profits. That issue was squarely joined by defendants' motion, and plaintiffs' unsubstantiated assurance that Mr. Whitelaw's testimony will be adequate to support such a claim under the applicable standard is insufficient to meet their burden on summary judgment. Accordingly, defendants are entitled to summary judgment as to this claim.

### 4. CIVIL RICO

Finally, defendants challenge plaintiffs' ability to maintain a cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). To state such a claim, plaintiffs must demonstrate "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" **Robbins v. Wilkie**, 300 F.3d 1208, 1210 (10th Cir. 2002) (quoting **Sedima, S.P.R.L. v. Imrex Co.**, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985)). Assuming *arguendo* that plaintiffs could produce sufficient evidence to demonstrate a material fact issue as to the other elements of a RICO claim, they have failed to show that defendants' actions constitute a "pattern" of racketeering activity. "[T]o prove a pattern, [plaintiffs] must

9

demonstrate not only the existence of two or more predicate acts, but also that they are related and pose at least a threat of continued criminal activity." **Gotfredson v. Larsen LP**, 2006 WL 1331469 at *6 (D. Colo. Mar. 9, 2006). Stated differently, plaintiffs' burden is to demonstrate "continuity plus relationship."[4] **H.J. Inc. v. Northwestern Bell Telephone Co.**, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989); **Gotfredson**, 2006 WL 1331469 at *6.

Plaintiffs' evidence comes nowhere near meeting this burden. In response to defendants' motion, plaintiffs refer me first to the entirety of their Exhibits 6 and 8. Such citation practices are simply unacceptable. Moreover, the majority of the discovery responses that comprise plaintiffs' Exhibit 6 refer back either to the allegations of the Amended Complaint, which clearly are insufficient in themselves to create a fact issue for trial, or to the 132-page expert report of Mr. Schuster, with not a single pinpoint citation.[5] Here again, I will not scour the summary judgment record in search of evidence that might support plaintiffs' position. Global, generic citations to multiple-page exhibits and documents that incorporate other documents without specific pinpoint citations to guide the court's review are inadequate to support or

---

[4] Continuity may be either closed- and open-ended, and a plaintiff may meet its burden of demonstrating continuity either by reference a closed period of repeated conduct occurring over a substantial period of time, or by establishing past conduct that by its nature projects into the future with an open-ended threat of repetition. **H.J. Inc.**, 109 S.Ct. at 2902; **Gotfredson**, 2006 WL 1331469 at *8. To satisfy the relationship requirement, "[a] showing that predicate acts have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events is all that is needed." **Gotfredson**, 2006 WL 1331469 at *7 (citations and internal quotation marks omitted).

[5] In perusing plaintiffs' summary judgment appendix, I note that Mr. Shuster's report is attached as Exhibit 7, although plaintiffs themselves failed to apprise me of that fact in connection with their arguments as to this portion of their RICO claim.

withstand a summary judgment motion.

The only concrete, particularized, specific information plaintiffs provide comprises three alleged instances of improper billing or deductions involving two other contractors. (Plf. Resp. App., Exh. 6 at 2.) Nothing in this paltry showing demonstrates that these instances are in any way related to one another, that they occurred over a sufficiently lengthy period of time, or that similar acts will continue into the future. They are, in short, patently insufficient to demonstrate the existence of a genuine issue of material fact for trial. For these reasons, defendants are entitled to summary judgment as to plaintiffs' RICO claim.

### IV. CONCLUSION

Because there remain genuine issues of material fact regarding the amounts owed to plaintiffs under the subcontracts, plaintiffs' motion for partial summary judgment should be denied. Defendants' motion for partial summary judgment should be granted with respect to plaintiffs' RICO claim, as well as with respect to their claim for lost profits. With respect to the other issues raised by defendants' motion, however, I find that there exist genuine issues of material fact that are not appropriate for summary resolution, and the motion as to those issues must be denied.

I will take under advisement consideration of whether this entire action should now be dismissed in light of the removal of the only claim supporting original federal jurisdiction in this court. *See United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (court generally should decline to exercise supplemental jurisdiction over pendant state claims when all federal claims have been dismissed prior to trial).

11

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Motion for Partial Summary Judgment Against Defendant Colorado Structures, Inc.** [#87], filed August 3, 2007, is **DENIED**;

2. That **Defendants' Motion for Partial Summary Judgment and Brief in Support of Motion** [#86], filed August 3, 2007, is **GRANTED IN PART** and **DENIED IN PART**;

3. That defendants' motion is **GRANTED** with respect to plaintiffs' civil RICO claim and plaintiffs' claim for lost profits, and those claims are **DISMISSED WITH PREJUDICE**;

4. That defendants' motion is in all other respects **DENIED**;

5. That the court **TAKES UNDER ADVISEMENT** whether this case should be dismissed in its entirety now that the only claim supporting original federal jurisdiction has been dismissed.

Dated November 27, 2007, at Denver, Colorado.

                                             **BY THE COURT:**

                                             **s/ Robert E. Blackburn**
                                             **Robert E. Blackburn**
                                             **United States District Court**