IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-00891-REB-MEH

T&H LANDSCAPING , LLC, and
NORTHERN LANDSCAPE, INC.,

    Plaintiffs,

v.

COLORADO STRUCTURES INC.,
TIM PHELAN,
SCOTT NORMAN,
ROB OLDACH,
GARY KIGER,
TOM SHARKEY, and
JAMES FRANCIS,

    Defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

**Blackburn, J.**

The matter before me is plaintiffs' **Motion To Reconsider Pursuant to Fed.R.Civ.P. 60(b)(2) the Court's Denial of Motion To Extend Deadlines for Objections To Exhibits and for Submission of Jury Instructions By One Week** [#144], filed December 7, 2007. I deny the motion on procedural and substantive grounds.

Plaintiffs claim they require an extension of time to submit their exhibit and witness lists, objections to defendants' exhibits, and proposed jury instructions due to recently discovered evidence they contend will demonstrate that one of the individual defendants has perjured himself in relation to an alleged predicate mail fraud act

underlying plaintiffs' Colorado Organized Crime Control Act claim. I denied that request for failure to comply with the requirements of my Civil Practice Standards that mandate that any request for extension of time be filed within three business days of the deadline. (**Minute Order** [#143], filed December 7, 2007 (citing **REB Civ. Practice Standards** II.G.2.)) Although plaintiffs asserted that they had discovered this alleged perjury only the day prior to the filing of the motion, they failed to even acknowledge the existence of three-day standard, much less request a variance from it. Procedurally, therefore, I find their motion for reconsideration to be deficient.

However, the deficiencies in plaintiffs' motion go far beyond that. First, the parties were to have exchanged exhibit lists at the final pretrial conference on October 23, 2007. (*See* **Final Pretrial Order** ¶ 1 at 1 [#129], filed November 11, 2007/) Copies of the documents were to be exchanged within five days after the final pretrial conference. Objections were to be filed within 11 days thereafter. (*See id.* ¶ 7.b. at 11-12.) It therefore appears plaintiffs' deadline for the filing of objections was not, in fact, December 7, as alleged in their original motion for extension of time. To the extent plaintiffs' original motion also claimed inability to submit their own proposed witness and exhibit lists to this court, I note that those documents are not required to be submitted until the time of the trial preparation conference, which in this matter is set for Friday, December 21, 2007, at 9:00 a.m., nearly two weeks from today. (*See* **Trial Preparation Conference Order** ¶¶ 5 & 7 at 4 [#12], filed August 1, 2006.)

Moreover, plaintiffs have failed to make out the showing of good cause required by my Practice Standards to substantiate any request for extension of time with respect

to the submission of proposed jury instructions.  **REB Civ. Practice Standards** II.G.1. Even if plaintiffs truly received wholly new and unanticipated evidence on the day before the deadline, I nevertheless would have expected them to have their jury instructions in a final or near-final state by that late date.  Many of the required jury instructions in this matter are stock instructions that cannot possibly be affected by the evidence to which plaintiffs cite.  Others involve the various additional claims for relief asserted by plaintiffs, which are not shown to be impacted in any way by the newly discovered evidence.  In short, there is absolutely no good reason why plaintiffs could not have filed proposed jury instructions by the deadline and later expanded or amended them based on their allegedly newly discovered evidence.

Finally, plaintiffs' vague and wholly unsubstantiated assertions of perjury are patently insufficient to show why this single act should so radically alter their case as to preclude in wholesale fashion the filing of any pre-trial materials.  Plaintiff's original motion foretold of a forthcoming motion for reconsideration, to be filed that same day, of my order dismissing their federal RICO claim, in which all would be revealed, but as of the date and time of the instant order, the docket sheet reflects that no such motion has been filed.  Without deciding the issue, I frankly am dubious that the two alleged instances of perjury, committed allegedly within the limited time frame of this lawsuit, are sufficient, together with the other evidence brought forward in support of the dismissed RICO claim, to show the pattern of racketeering activity required by COCCA. (*See* **Order Re: Motions for Partial Summary Judgment** at 11 [#136], filed November 27, 2007) (noting that plaintiffs have brought forward admissible evidence of only three

alleged predicate acts that were not shown to have been related to one another nor to have occurred over a sufficiently long period of time or alternatively to carry a threat of future misconduct to satisfy burden under RICO of showing a pattern of racketeering activity).

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiffs' **Motion To Reconsider Pursuant to Fed.R.Civ.P. 60(b)(2) the Court's Denial of Motion To Extend Deadlines for Objections To Exhibits and for Submission of Jury Instructions By One Week** [#144], filed December 7, 2007, is **DENIED**; and

2. That plaintiffs **SHALL FILE** their proposed jury instructions no later than **12:00 p.m.** on **Tuesday, December 11, 2007**.

Dated December 10, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**